**MADE JS-6**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARBLE SLAB FRANCHISING, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>YUJI RESTAURANTS, INC., a California Corporation, GEE POONG YANG and KEUM NAE BANG,<br><br>　　　　Defendants. | Case No. CV 10-1704-GW (OPx)<br><br>**CONSENT JUDGMENT**<br><br><br>Complaint Filed:   March 9, 2010 |

This matter comes before the Court on the joint motion of Plaintiff Marble Slab Franchising, LLC ("Marble Slab") and Defendants Yuji Restaurants, Inc., Gee Poong Yang and Keum Nae Bang (the "defendants").  To resolve their respective claims in this action, the parties have stipulated to the entry of this

Consent Judgment and Order.  Having considered the terms proposed by the parties and deeming it just and proper to do so, the Court hereby enters this Consent Judgment and Order.

## STIPULATIONS OF FACT AND LAW

1. This Court has the requisite subject matter and personal jurisdiction to enter this Consent Judgment and Order.

1. Marble Slab has the exclusive right to operate and license others to operate ice cream shops using the federally-registered service mark MARBLE SLAB CREAMERY and other marks (the "MARBLE SLAB Marks").  Franchised MARBLE SLAB CREAMERY ice cream shops are operated in accordance with Marble Slab's business and operating procedures offering distinctive ice cream, ice cream cakes and cupcakes, ice cream novelties and confections, milkshakes, smoothies, frozen yogurt and related items to the public ("MARBLE SLAB Products").  As a result, the MARBLE SLAB Marks have come to identify, in the public mind, these distinctive products and services made available in licensed MARBLE SLAB CREAMERY ice cream shops.

2. The MARBLE SLAB Marks include the following service marks registered in the United States Patent and Trademark Office:

| Trademark | U.S. Reg. No. | Registration Date | Goods and Services |
|---|---|---|---|
| MARBLE SLAB CREAMERY | 1,351,081 | July 23, 1985 | Restaurant services, namely ice cream parlors in Int'l Class 42. |

| Trademark | U.S. Reg. No. | Registration Date | Goods and Services |
|---|---|---|---|
| MARBLE SLAB CREAMERY and Design | 2,230,020 | March 9, 1999 | Restaurant services, namely, ice cream parlors Int'l Class 42. |
| ICE CREAM JUST THE WAY YOU LIKE IT | 2,464,391 | June 26, 2001 | Retail ice cream shop services in Int'l Class 35. |
| THE SLAB CLUB | 2,489,736 | September 18, 2001 | Retail ice cream store featuring frequent purchase bonus program in Int'l Class 35. |
| Ice Cream Cone Man Design | 2,609,653 | August 20, 2002 | Entertainment services in the form of personal appearances by a mascot in Int'l Class 41. |
| SLABBY | 2,900,188 | November 2, 2004 | Entertainment services in the form of personal appearances by a mascot to promote the restaurant services of others in Int'l Class 41. |
| MARBLE SLAB CREAMERY | 2,903,406 | November 16, 2004 | Franchising services, namely, offering technical assistance in the establishment and operation of ice cream parlors in Int'l Class 35. |
| MARBLE SLAB CREAMERY and Design | 2,925,107 | February 8, 2005 | Franchising services, namely, offering technical assistance in the establishment and operation of ice cream parlors in Int'l Class 35. |
| ICE CREAM SO FRESH, IT MOOS | 2,951,726 | May 17, 2005 | Restaurants featuring ice cream and yogurt in Int'l Class 43. |

| Trademark | U.S. Reg. No. | Registration Date | Goods and Services |
|---|---|---|---|
| CREATE YOUR OWN ICE CREAM FANTASY | 2,965,318 | July 5, 2005 | Restaurant services, namely ice cream parlors; catering services in Int'l Class 43. |
| THE MARBLE SLAB CREAMERY EXPERIENCE | 2,965,319 | July 5, 2005 | Restaurant services, namely ice cream parlors; catering services in Int'l Class 43. |
| SLABWICH | 3,111,858 | July 4, 2006 | Frozen confections; ice cream sandwiches in Int'l Class 30. |
| MARBLE SLAB CREAMERY | 3,217,441 | March 13, 2007 | Frozen confections; cakes; cookies; pies; ice cream products, namely ice cream, ice cream drinks, and ice cream sandwiches; frozen yogurt in Int'l Class 30. |
| MARBLE SLAB CREAMERY and Design | 3,217,442 | March 13, 2007 | Frozen confections; cakes; cookies; pies; ice cream products, namely ice cream, ice cream drinks, and ice cream sandwiches; frozen yogurt in Int'l Class 30. |
| THE FRESHEST ICE CREAM ON EARTH | 3,525,939 | October 28, 2008 | Frozen confections; cakes; cookies; pies; ice cream products, namely, ice cream, ice cream drinks, ice cream cones, and ice cream sandwiches; frozen yogurt in Int'l Class 30.<br><br>Restaurant services, namely ice cream parlors in Int'l Class 43. |

Each of these registrations is valid and fully enforceable.

3

3. In addition to using the MARBLE SLAB Marks, franchised MARBLE SLAB CREAMERY shops are operated in association with Marble Slab's distinctive trade dress and in accordance with detailed standards, specifications and methods relating to sources of supply, preparation of MARBLE SLAB Products, required menu items, recipes, uniforms, cleanliness requirements, and virtually all other elements relating to the operation of an ice cream shop (the "MARBLE SLAB System"). The standards, specifications and methods of the MARBLE SLAB System are set forth in Marble Slab's confidential and proprietary operations manuals, copies of which are provided to all Marble Slab franchisees (the "Manual").

4. On August 21, 2002, MSC and Casciopia LLC entered into a franchise agreement (the "Franchise Agreement"). (the "Shop"). The Franchise Agreement was subsequently assigned to from MSC to Marble Slab after the acquisition of MSC in February 2007.

5. On September 19, 2008, Marble Slab entered into an assignment, assumption and consent agreement (the "Assignment Agreement") with Casciopia, LLC and Defendant Yuji Restaurant, Inc. ("Yuji"). Pursuant to that agreement, Marble Slab consented to transfer to Yuji of the franchise agreement between Marble Slab and Casciopia LLC (the "Franchise Agreement") governing the operation of a MARBLE SLAB CREAMERY ice cream shop at 10798 Foothill Boulevard, Rancho Cucamonga, CA (the "Shop").

6. Pursuant to the Assignment Agreement, Yuji agreed that it would "assume, perform, fulfill, and observe all terms, covenants, conditions, provisions, agreements, and obligations as 'Franchisee' under the Franchise Agreement" and would be "fully liable for all franchise, royalty, advertising, and other fees due and owing to [Marble Slab] under the Franchise Agreement." Assignment Agreement § 7.

7. Concurrent with Yuji's execution of the Assignment Agreement, Defendants Gee Poong Yang and Keum Nae Bang both executed a personal guaranty of all of Yuji's respective obligations under the Franchise Agreements.

8. Pursuant to Sections 8 and 10 of the Franchise Agreement, Yuji has certain payment obligations to Marble Slab, including royalty and advertising fund fees, and interest on overdue payments. Franchise Agreement §§ 8(a) & 10, 14.

9. Yuji failed to meet its payment obligations fees pursuant to Sections 8(a) and 10 of the Franchise Agreement. As of October 1, 2009, Yuji owed an estimated $9,254.06 to Marble Slab. On October 21, 2009, Marble Slab sent Yuji a Notice of Default (the "Default Notice") based on its breach of its payment obligations. Marble Slab provided Yuji with ten days to cure its defaults. The defendants, however, did not make pay the past due amounts and Yuji did not pay its current royalty or advertising fund fees to Marble Slab during the cure period.

10. Pursuant to Section 16(c)(1) of the Franchisee Agreement, as a result of Yuji's failure to pay royalty and advertising fund fees owed to Marble Slab

when such monies were due and payable, Marble Slab had the right to notify Yuji that it was terminating the Franchise Agreement for failure to pay. Consequently, on November 13, 2009, Marble Slab sent Yuji a Notice of Termination confirming the termination of the Franchise Agreement effective November 20, 2009, and describing Yuji's post-termination contractual obligations, including instructions to de-identify the Shop and demand for payment of the outstanding amounts owed, estimated to be $11,548.02.

      11.    Upon termination, Yuji expressly agreed in the Franchise Agreement that it would immediately discontinue all use of the MARBLE SLAB Marks, the MARBLE SLAB System and all confidential and proprietary methods, procedures, and techniques associated with the MARBLE SLAB System; return the Manual and all other materials containing confidential or proprietary information to Marble Slab; remove the MARBLE SLAB Marks, trade dress and other distinctive features of the MARBLE SLAB System from the Shop; and take such action as may be necessary to effectuate the assignment of telephone numbers for the Shop that are associated with the MARBLE SLAB Marks to Marble Slab.

      12.    Yuji has failed to comply with its post-termination obligations under the Franchise Agreement. Instead, the defendants continued to operate the Shop as a MARBLE SLAB CREAMERY ice cream shop, using the MARBLE SLAB Marks and trade dress and the MARBLE SLAB System, and otherwise failed to comply with the post-termination contractual obligations.

13. In addition to the monetary defaults identified by Marble Slab in the November 13, 2009 Notice of Termination, since the date of that Notice, Yuji and the defendants have continued to operate using the MARBLE SLAB Marks and trade dress and the MARBLE SLAB System, but have failed to make any additional royalty and advertising fund fee payments. Yuji agreed that, if it continued to use the MARBLE SLAB Marks and MARBLE SLAB System after termination of the Franchise Agreement, Yuji would pay Marble Slab a weekly royalty for the use of the Marks and System equal to 150% of the royalties that Yuji would have been obligated to pay under Section 10 of the Franchise Agreement if the Agreement had not terminated.

14. Yuji and the defendants now owe Marble Slab an estimated $15,018.11 in past due royalty and advertising fund fees and post-termination payments, plus interest.

15. In addition, Section 17(f) of the Franchise Agreement requires Yuji to pay to Marble Slab its reasonable attorneys' fees and costs incurred in collecting the past due amounts, which is currently in excess of $19,158.50.

Based on the foregoing Stipulations of Fact and Law and the consent of the parties,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. As of November 20, 2009, the Franchise Agreement is terminated.

2. Yuji, and all persons acting in active concert and participation with it,

7

is hereby immediately and permanently enjoined from:

(a) using the MARBLE SLAB Marks or the MARBLE SLAB System, in any manner whatsoever, including, without limitation, in connection with the advertising, promotion or sale of any product or service, and including, without limitation, on all signs, furniture, fixtures, equipment, décor, advertising materials, stationary, forms, and any other articles that display the MARBLE SLAB Marks or utilize Marble Slab's trade dress;

(b) operating any business under the name MARBLE SLAB or MARBLE SLAB CREAMERY or operating or doing business under any name or mark, or in any manner that is likely to give the public the impression that any business in which the Defendants have any interest or connection is licensed by Marble Slab or otherwise associated with the MARBLE SLAB CREAMERY franchise system;

(c) failing to make the following changes and alterations to their formerly-licensed premises required to de-identify the shop: (1) removing all interior and exterior signage displaying the Marks; (2) removing all pre-existing neon signage throughout the Shop, including the "Frozen Yogurt", "Fresh Made Ice Cream" and Neon Cone signs; (3) replacing the existing menu board; (4) removing all existing posters, Counter Cards, Ceiling Danglers and banners; (5) replacing all product identifiers from the Mix-in's, Dipping Cabinet, and yogurt machine; (6) removing all logoed packaging; removing the Specialty Cone holder; (7) removing the cake freezer translight; (8) removing all proprietary food items; (9) removing all logoed uniforms and branded clothing; (10) removing the MARBLE SLAB Logo from the front door; (11) removing the MARBLE SLAB Cake Book; and (12) removing the proprietary MARBLE SLAB wall vinyl;

(d) failing to turn over to Marble Slab the Manual and all other confidential and proprietary materials relating to

the MARBLE SLAB System, including manuals, checklists and job aids; and

(e) committing any other act that infringes the MARBLE SLAB Marks or otherwise unfairly competes with Marble Slab or the MARBLE SLAB CREAMERY franchise system.

3. Yang and Bang, as Guarantors of Yuji's obligations under the Franchise Agreement, having hereby submitted personally to the jurisdiction of this Court and to the enforcement of this Consent Judgment and Order, shall be personally liable for compliance with each provision of this Order directed to Yuji.

4. Yuji, Yang and Bang, jointly and severally, shall pay to Marble Slab the sum of $19,158.50, representing attorneys' fees incurred by Marble Slab to enforce the termination of the Franchise Agreement.

5. That the Clerk shall refund the bond payment of $1,000.00 posted by Marble Slab in connection with the Court's entry of the April 21, 2010 Preliminary Injunction.

Entered this 24th day of August, 2010.

_____
Hon. George H. Wu
United States District Judge

9

**SEEN AND AGREED TO:**

MARBLE SLAB FRANCHISING, LLC          YUJI RESTAURANTS, INC.


By:_____    By:_____
    Scott J. Ferrell, Bar No. 202091       Gee Poong Yang
    Roger E. Borg, Bar No. 117765          President
    NEWPORT TRIAL GROUP
    610 Newport Center Drive, Suite 700    GEE POONG YANG
    Newport Beach, CA  92660
    Tel:  (949) 706-6464
    Fax: (949) 706-6469
    sferrell@trialnewport.com
    borglaw@roadrunner.com                 KEUM NAE BANG

*Attorneys for Plaintiff Marble Slab Franchising, LLC*

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28